UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY LEE DAVIS                                                                              PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 4:10CV96-DPJ-FKB

SGT. UNKNOWN COTTON, WARDEN BART                                        DEFENDANTS
GRIMES, WARDEN DALE CASKEY, J. THOMAS AND
C.O. R. GRADY

REPORT AND RECOMMENDATION

This cause comes on this date before the undersigned United States Magistrate Judge, an Order of Reference having been entered herein.  Before the Court is the Motion of Defendants Dale Caskey, Bart Grimes, Patrick Thomas and Rosemary Cotton for Summary Judgment or, Alternatively, Motion to Revoke Plaintiffs' In Forma Pauperis Status (Docket No. 19).[1] Plaintiff has failed to respond to the motion, and the Court, having considered the Motion, as well as the testimony received at the April 20, 2011 omnibus hearing,[2] concludes, that the Motion to Revoke Plaintiff's In Forma Pauperis Status is well taken and should be granted.  The undersigned recommends that consideration of and ruling on the Motion for Summary Judgment be deferred.

Plaintiff filed his § 1983 complaint on June 1, 2010, via mailbox rule.  On the same day, he also filed an application to proceed in forma pauperis in this case.  Although Plaintiff has

---

[1] Summons to Correctional Officer R. Grady was returned unexecuted.  Docket No. 7. According to the notation on the return of summons form, he does not work at EMCF, the address which was given for service of process. During the course of the omnibus hearing, the court granted plaintiff's oral motion to voluntarily dismiss Defendants Grady and Warden Caskey.

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

three strikes,[3] the Court tentatively granted Plaintiff's request to proceed ifp due to his allegations in this case and two other cases[4] filed in close temporal proximity that he was under "imminent danger of serious physical injury." (Docket No. 3).  See 28 U.S.C. § 1915(g) (allowing inmate who has three strikes to proceed ifp if he is under "imminent danger of serious physical injury.").

By his complaint, plaintiff alleges that, on May 21, 2010, Defendant Cotton allowed several inmates to jump on him and injure him badly.  As a result of the altercation, a "Code Black" was called.  Davis was taken to segregation without a Rule Violation Report or Detention notice having been issued.  However, according to Davis, his assailants were not punished.  The complaint requests monetary damages.  The complaint contains no factual allegations against either Defendant Grimes or J. Thomas.  At the omnibus hearing, Davis stated, without any factual basis, that Defendant Grimes had conspired to have him killed and that Defendant Thomas had assented to the conspiracy.  The complaint seeks $100 in monetary damages.

By their motion, the remaining defendants urge that because Davis failed to

---

[3] Davis received strikes under the Prison Litigation Reform Act in the following cases: Davis v. Mississippi State Penitentiary, Civil Action No. 4:04cv172-P-A (N.D. Miss. Sept. 13, 2004)(dismissed for failure to state a claim upon which relief may be granted); Davis v. Hall, Civil Action 4:05cv161-P-B (N.D. Miss. Dec. 13, 2005) (dismissed for failure to state a claim upon which relief may be granted); Davis v. Casket, Civil Action No. 4:07cv118-JCS (S.D. Miss. Sept. 16, 2009) (dismissing case for failure to allege a constitutional violation). Additionally, Davis v. Latham, Civil Action No. 4:06CV86-P-A (N.D. July 31, 2006), was dismissed because on his ifp application, Davis forged the signature of the inmate accounts custodian.

[4] On March 30, 2010, via the mailbox rule, Davis filed Davis v. Flagg, Civil Action No. 4:10CV53-DPJ-FKB, and on May 1, 2010, Davis filed Davis v. Allen, 4:10CV84-DPJ-FKB. Davis indicated in both of these complaints that he was under "IMMINENT DANGER." Although both complaints asserted that he had been assaulted in the recent past by either guards or other inmates, neither complaint set forth any explanation of a threat of "imminent danger" existing as of the day that he filed the complaint.

administratively exhaust his claims as is required by 42 U.S.C. § 1997e(a), Davis's complaint must be dismissed. See Dillon v Rogers, 596 F.3d 260 (5th Cir. 2010) (administrative exhaustion is threshold issue which should be resolved prior to determination on merits). They additionally maintain that to the extent that Davis complains about his classification, he has failed to state a claim upon which relief may be granted. Alternatively, defendants argue that Davis's ifp status should be revoked because Davis was not under an imminent threat of serious physical injury on the day that he filed his complaint. The Court addresses the alternative motion first.

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed ifp is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[5] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir.1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). As set forth above, Davis has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Therefore, unless Davis meets

---

[5] Specifically, the statute provides:
"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

the one exception to the "three strikes provision," denial of ifp status is appropriate.

Title 28 U.S.C. § 1915(g) provides a limited exception to the "three-strikes provision," by which a plaintiff may be permitted to proceed ifp if he is under "imminent danger of serious physical injury." Addressing the exception provision of § 1915(g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F. 3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. Id. "Further, [b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)).

As previously stated, due to the fact that Plaintiff filed three complaints in close, temporal proximity and made nonspecific allegations that he was "under imminent danger of serious physical injury," the Court tentatively allowed Davis to proceed ifp. At the omnibus hearing, the Court took the opportunity to explore the factual basis for Plaintiff's assertion of "imminent danger of serious physical injury." Having now received Davis's sworn testimony regarding the factual basis of his asserted "imminent danger," it is clear that his ifp status should be revoked.

At the omnibus hearing, the Court asked Davis to explain what constituted the imminent danger of serious physical injury on June 1, 2010, the day that he filed this complaint. According to Davis, the "imminent danger" in this case was the assault which he maintains was

perpetrated by his fellow inmates allegedly at Cotton's behest. As Davis's allegation of "imminent danger" is premised on past harms and not because he faced a threat of impending future harm, the undersigned finds that on the day that the complaint was filed, June 1, 2010, Davis was not under "imminent danger of serious physical injury." See Banos, 144 F.3d at 884; King v. Livingston, 212 Fed. Appx. 260, 262 (5th Cir. Dec.11, 2006) (per curiam) (unpublished) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (affirming district court's rejection of claim that having been sprayed with pepper spray one month before filing suit, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger). Accordingly, the undersigned recommends that plaintiff's tentative ifp status be revoked and that the case be dismissed without prejudice. The undersigned further recommends that the Clerk of the Court should be directed to reopen this civil action if the entire filing fee of $350.00 is paid within thirty days from entry of the Court's Order adopting this report and recommendation.

In the motion for summary judgment, moving defendants assert that, pursuant to 42 U.S.C. § 1997e, this case should be dismissed for plaintiff's failure to exhaust available administrative remedies.[6] The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison

---

[6] Defendants further urge that to the extent that Davis complains about his classification status, he has failed to state a claim upon which relief may be granted. Defendants' argument is well taken. Harper v. Shows, 174 F.3d 716, 719 (5th Cir. 1999) ("It has long been established that inmates do not have a protectable liberty or property interest in their custodial status,"and thus, where plaintiff "relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless."). However, the undersigned recommends that consideration of this issue be deferred at this time.

Litigation Reform Act of 1995 (PLRA), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

In Booth v. Churner, 121 S. Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e now requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 121 S. Ct. at 1825. The United States Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S. Ct. 983 (2002); see also Jones v. Bock, 127 S. Ct. 910 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

In support of their motion, Defendants present the affidavit of Quiyona Jackson, the Acting Administrative Remedy Program Coordinator. By her affidavit, Jackson recites that she has reviewed the thirteen ARP requests that Davis has made from 2007 through September, 2010 and that Davis has not filed a request regarding the allegations in his complaint. For his part, at the omnibus hearing, Davis maintained that he had exhausted prior to filing suit, using the "sensitive ARP" process[7] and that he received a response to his ARP from the Commissioner.

---

[7] Pursuant to Chapter VIII, Section X of the Mississippi Department of Corrections Inmate Handbook, posted on MDOC's website, www.mdoc.state.ms.us, sensitive issues are handled as follows:

However, Davis stated that he had lost his copy of the Commissioner's response, but that it would be on file with EMCF.

Given the recommendation that plaintiff's ifp status be revoked, consideration of the summary judgment motion is unnecessary at this time. However, the undersigned recommends that, if the district judge adopts this report and recommendation and plaintiff pays the entire $350.00 filing fee within thirty (30) days of entry of the district judge's order, defendants shall, within (30) days of the reopening of this case, supplement their summary judgment motion with affidavit testimony addressing plaintiff's allegations that he submitted a complaint under the "sensitive ARP" process and pertinent documentary evidence, if any.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

---

**X. SENSITIVE ISSUES**

**A.** If the inmate believes that the complaint is sensitive and that they would be adversely affected if the complaint became known at the institution or facility, they may file the complaint directly to the Commissioner through the Administrator of the Administrative Remedy Program and must explain, in writing, the reason for not filing the complaint at the institution/facility.

**B.** If the Administrator of the Administrative Remedy Program believes that the complaint is sensitive, he shall accept and respond to the complaint. If the Administrator of the Administrative Remedy Program does not agree that the complaint is sensitive, he shall advise the inmate in writing and return the complaint. When this occurs, the Administrator shall also send a copy of this memo to the Division Head in care of the Legal Claims Adjudicator. The inmate shall then have 5 days from the date the rejection memo is received in the Legal Claim Adjudicator's office to submit their request through regular channels, beginning with the first step.

findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 29th day of June, 2011.

                  <u>/s/F. Keith Ball</u>
                  UNITED STATES MAGISTRATE JUDGE